| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: WESTERN DISTRICT OF WASHINGTON | |
| Case number *(if known)* | Chapter **11** |

☐ Check if this an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Aldercrest Health-Edmonds, LLC** | |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **DBA Aldercrest Health & Rehabilitation Center** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **82-2143827** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**21400 72nd Ave W**<br>**Edmonds, WA 98026**<br>Number, Street, City, State & ZIP Code<br><br>**Snohomish**<br>County | **Mailing address, if different from principal place of business**<br><br>**3220 Rosedale St. NW, Suite 200**<br>**Gig Harbor, WA 98335**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **http://www.aldercrestskillednursing.com/** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | |

| Debtor | Aldercrest Health-Edmonds, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6231__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **SEE ATTACHED RIDER** | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

Debtor **Aldercrest Health-Edmonds, LLC**
Name

Case number (*if known*) _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | Aldercrest Health-Edmonds, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/22/2019
             MM / DD / YYYY

**X** **/s/ Dov E. Jacobs**                                  **Dov E. Jacobs**
Signature of authorized representative of debtor              Printed name

Title   **Manager**

**18. Signature of attorney**

**X** **/s/ Ashley M. McDow**                                Date   11/22/2019
Signature of attorney for debtor                                    MM / DD / YYYY

**Ashley M. McDow**
Printed name

**Foley & Lardner**
Firm name

**555 S Flower Street**
**Suite 3300**
**Los Angeles, CA 90071-2418**
Number, Street, City, State & ZIP Code

Contact phone   **213-972-4500**     Email address   **amcdow@foley.com**

**38900 WA**
Bar number and State

| | |
|---|---|
| In re:<br><br>PNW HEALTHCARE HOLDINGS, LLC, *et al.*,<br><br>Debtors | Lead Case No.<br><br>Chapter 11 |

# Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Western District of Washington for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of PNW Healthcare Holdings, LLC:

- Aldercrest Health-Edmonds, LLC dba Aldercrest Health & Rehabilitation Center
- Bremerton Health, LLC dba Bremerton Convalescent & Rehabilitation Center
- Care Center East Health-Portland, LLC dba Care Center East Health & Specialty Care Center
- Cherrywood Place-Spokane, LLC dba Cherrywood Place
- Crestwood Convalescent-Port Angeles, LLC dba Crestwood Health & Rehabilitation Center
- Fir Lane Health-Shelton, LLC dba Fir Lane Health & Rehabilitation Center
- Forest Ridge Health-Bremerton, LLC dba Forest Ridge Health & Rehabilitation Center
- Franklin Hills Health-Spokane, LLC dba Franklin Hills Health & Rehabilitation Center
- Gardens on University-Spokane Valley, LLC dba The Gardens on University
- Ivy Court-Coeur d'Alene, LLC dba Ivy Court
- LaCrosse Health-Coeur d'Alene, LLC dba LaCrosse Health & Rehabilitation Center
- Meadow Park Health-St Helen, LLC dba Meadow Park Health & Specialty Care Center
- North Auburn Health, LLC dba North Auburn Rehabilitation & Health Center
- PNW Healthcare Holdings, LLC
- PNW Master Tenant I, LLC
- PNW Master Tenant II, LLC
- Puget Sound Healthcare-Olympia, LLC dba Puget Sound Healthcare Center
- Riverside Nursing-Centralia, LLC dba Riverside Nursing & Rehabilitation Center
- Sequim Health, LLC dba Sequim Health & Rehabilitation

OMNIBUS WRITTEN CONSENT IN LIEU OF A MEETING OF THE MANAGERS

November 22, 2019

The undersigned, being all of the Managers (each, an "Authorizing Body" and collectively, the "Authorizing Bodies") of Aldercrest Health-Edmonds, LLC, a Washington limited liability company; Bremerton Health, LLC, a Washington limited liability company; Care Center East Health-Portland, LLC, an Oregon limited liability company; Cherrywood Place-Spokane, LLC, a Washington limited liability company; Crestwood Convalescent-Port Angeles, LLC, a Washington limited liability company; Fir Lane Health-Shelton, LLC, a Washington limited liability company; Forest Ridge Health-Bremerton, LLC, a Washington limited liability company; Franking Hills Health-Spokane, LLC, a Washington limited liability company; Gardens on University-Spokane Valley, LLC, a Washington limited liability company; Ivy Court-Coeur d'Alene, LLC, an Idaho limited liability company; LaCrosse Health-Coeur d'Alene, LLC, an Idaho limited liability company; Meadow Park Health-St. Helen, LLC, an Oregon limited liability company; North Auburn Health, LLC, a Washington limited liability company; PNW Master Tenant I, LLC, a Washington limited liability company; PNW Master Tenant II, LLC, a Washington limited liability company; Puget Sound Healthcare-Olympia, LLC, a Washington limited liability company; Riverside Nursing-Centralia, LLC, a Washington limited liability company; and Sequim Health, LLC, a Washington limited liability company (each a "Company" and collectively, the "Companies"), in lieu of holding a meeting of the Authorizing Bodies, hereby take the following actions and adopt the following resolutions by written consent (this "Consent") pursuant to the organizational documents of the Companies and the laws of the States of Idaho, Oregon, and Washington:

**CHAPTER 11 FILING**

WHEREAS, the Authorizing Bodies have reviewed and considered the financial and operational condition of each of the Companies and each of the Companies' business on the date hereof, including the historical performance of each of the Companies, the assets of each of the Companies, the current and long-term liabilities of each of the Companies, the market for each of the Companies' products and services, and credit market conditions and strategic alternatives available to each Company and the effect of the foregoing on each of the Companies' businesses; and

WHEREAS, the Authorizing Bodies have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Authorizing Bodies, it is desirable and in the best interests of each of the Companies, their creditors, and other parties in interest, that the Companies shall be and hereby are authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Companies' affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter

11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Companies, including the Authorized Bodies (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each of the Companies all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Foley & Lardner LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Foley & Lardner LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of D. Bugbee & Scalia, PLLC as co-bankruptcy counsel and conflicts counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of D. Bugbee & Scalia, PLLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Getzler Henrich & Associates LLC as financial advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Getzler Henrich & Associates LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Omni Agent Solutions as notice, claims, and balloting agent and as administrative advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to

execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni Agent Solutions.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Companies' chapter 11 cases, with a view to the successful prosecution of such case.

**DIP FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION**

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Companies, including under debtor-in-possession credit facilities or relating to the use of cash collateral; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents.

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each of the Companies, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens or mortgages on, or security interests in, all or any portion of any, and all, of the Companies' assets, including all or any portion of the issued and outstanding capital stock or membership interests of any subsidiaries of the Companies, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination.

RESOLVED, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of each of the Companies, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such officer may deem necessary, advisable, or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, and (b) perform the obligations of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Companies.

## **GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Authorizing Bodies of the Companies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Authorizing Bodies.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Companies, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

RESOLVED, that signatures from each of the members of the Authorizing Bodies will be collected and placed into escrow, and all acts, actions, and transactions contemplated by these resolutions will not be deemed effective until a member of each of the Authorizing Bodies confirms in writing the release of the signatures from escrow.

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date above first written.

_____
Dov E. Jacobs

- Signature Page to Omnibus Written Consent in Lieu of a Meeting of the Managers –
Aldercrest Health-Edmonds, LLC; Bremerton Health, LLC; Care Center East Health-Portland, LLC; Cherrywood Place-Spokane, LLC; Crestwood Convalescent-Port Angeles, LLC; Fir Lane Health-Shelton, LLC; Forest Ridge Health-Bremerton, LLC; Franklin Hills Health-Spokane, LLC; Gardens on University-Spokane Valley, LLC; Ivy Court-Coeur d'Alene, LLC; LaCrosse Health-Coeur d'Alene, LLC; Meadow Park Health-St Helen, LLC; North Auburn Health, LLC; PNW Master Tenant I, LLC; PNW Master Tenant II, LLC; Puget Sound Healthcare-Olympia, LLC; Riverside Nursing-Centralia, LLC; and Sequim Health, LLC

Case 19-14284-CMA    Doc 1    Filed 11/22/19    Ent. 11/22/19 18:11:09    Pg. 11 of 17

| Debtor name | Aldercrest Health-Edmonds, LLC |
|---|---|
| UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF WASHINGTON | |
| Case No. (If known) | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | State Of Washington  P.O. Box 9501  Olympia, WA 98507-9501 | State Of Washington | Vendor | | | | $203,849.00 |
| 2 | Omnicare, Inc  Dept 781668  P.O. Box 78000  Detroit, MI 48278 | Omnicare, Inc | Vendor | | | | $186,895.25 |
| 3 | Canyon Nh LLC  c/o Cascade Capital Group, LLC  3450 Oakton Group, LLC  Skokie, IL 60076 | Canyon Nh LLC | Vendor | | | | $125,017.07 |
| 4 | Serene Nursing Services LLC  2421 121st St Sw  Everett, WA 98204 | Serene Nursing Services LLC | Vendor | Disputed | | | $79,097.75 |
| 5 | Washington State Dept Of Labor & Industries  P.O. Box 24106  Seattle, WA 98124 | Washington State Dept Of Labor & Industries | Vendor | | | | $78,283.07 |
| 6 | Healthcare Services Group Inc  3220 Tillman Dr, Ste 300  Bensalem, PA 19020 | Healthcare Services Group Inc | Vendor | Disputed | | | $55,189.07 |

**Debtor name** Aldercrest Health-Edmonds, LLC     **Case No. (If known)** _____

## (Continuation Sheet)

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim **If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.** | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Twin Med<br>P.O. Box 847340<br>Los Angeles, CA 90084-7340 | Twin Med | Vendor | | | | $44,881.03 |
| 8 | Catherine Yoo<br>P.O. Box 844929<br>Los Angeles, CA 90084-4929 | Catherine Yoo | Vendor | Disputed | | | $40,000.00 |
| 9 | Dynamic Medical Systems, LLC / Joerns Healthcare<br>P.O. Box 936446<br>Atlanta, GA 31193-6446 | Dynamic Medical Systems, LLC / Joerns Healthcare | Vendor | Contingent, Unliquidated & Disputed | | | $35,116.96 |
| 10 | Eastgate Staffing Agency<br>4957 Lakemont Blvd Se, Ste C4-103<br>Bellevue, WA 98006 | Eastgate Staffing Agency | Vendor | Disputed | | | $28,740.90 |
| 11 | Cornerstone Healthcare Services, LLC<br>3220 Rosedale St. NW<br>Suite 200<br>Gig Harbor, WA 98335 | Cornerstone Healthcare Services, LLC | Vendor | | | | $22,240.64 |
| 12 | University Mechanical Contractors, Inc<br>11611 49th Pl West<br>Mukliteo, WA 98275-4255 | University Mechanical Contractors, Inc | Vendor | Contingent, Unliquidated & Disputed | | | $19,238.65 |
| 13 | Apex Global Solutions, LLC<br>400 Rella Blvrd, Ste 200<br>Montebello, NY 10901 | Apex Global Solutions, LLC | Vendor | | | | $16,321.99 |

**Debtor name** Aldercrest Health-Edmonds, LLC  **Case No. (If known)** _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 14 Hocs Consulting<br>3009 Ave K<br>Brooklyn, NY 11210 | Hocs Consulting | Vendor | | | | $14,560.76 |
| 15 Medilogix, LLC<br>P.O. Box 677224<br>Dallas, TX 75267-7224 | Medilogix, LLC | Vendor | Contingent, Unliquidated & Disputed | | | $13,920.65 |
| 16 Remed Services<br>3424 Oakton St 102<br>Skokie, IL 60076 | Remed Services | Vendor | Disputed | | | $10,832.40 |
| 17 Washington Health Care Association<br>303 Cleveland Ave Se, Ste 206<br>Tumwater, WA 98501 | Washington Health Care Association | Vendor | | | | $8,573.74 |
| 18 Natural Wave/Rc Inc<br>P.O. Box 447<br>Kent, WA 98035 | Natural Wave/Rc Inc | Vendor | Disputed | | | $7,865.00 |
| 19 Indeed, Inc<br>P.O. Box 660367<br>Dallas, TX 75266-0367 | Indeed, Inc | Vendor | Disputed | | | $7,500.00 |
| 20 Kci USA<br>P.O. Box 301557<br>Dallas, TX 75303-1557 | Kci USA | Vendor | Disputed | | | $6,490.11 |

NITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

```
-----------------------------------------------------------------x
In re:                                                           :
                                                                 :   Chapter 11
ALDERCREST HEALTH-EDMONDS, LLC,                                  :
                                                                 :   Case No. 19-_____(___)
        Debtor.                                                  :
                                                                 :
-----------------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Aldercrest Health-Edmonds, LLC | PNW Healthcare Holdings, LLC | 3220 Rosedale St. NW Suite 200 Gig Harbor, WA 98335 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

4830-0969-2077.1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

```
---------------------------------------------------------------x
In re:                                                         :
                                                               :   Chapter 11
ALDERCREST HEALTH-EDMONDS, LLC,                                :
                                                               :   Case No. 19-_____(___)
         Debtor.                                               :
                                                               :
---------------------------------------------------------------x
```

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| PNW Healthcare Holdings, LLC | 100% |

4827-9171-9341.1

**Fill in this information to identify the case:**

Debtor name: __Aldercrest Health-Edmonds, LLC__

United States Bankruptcy Court for the: WESTERN DISTRICT OF WASHINGTON

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration   **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/22/2019     X **/s/ Dov E. Jacobs**
                            Signature of individual signing on behalf of debtor

                            **Dov E. Jacobs**
                            Printed name

                            **Manager**
                            Position or relationship to debtor